

NUMBER 13-09-00544-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ALEJANDRO LUNA GOMEZ, SR., #687479,                    Appellants,

v.

EILEEN KENEDY, ET AL.,                                          Appellee.

### On appeal from the 156th District Court
### of Bee County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Benavides
### Memorandum Opinion Per Curiam

Appellant's brief in the above cause was due on November 18, 2009.   The Court granted appellant's first motion for extension of time to file the brief, allowing until April 26, 2010, to file his brief.   Rather than filing the brief, appellant, proceeding pro se and indigent, filed a motion to abate this matter.   The Court denied the motion to abate. Appellant then filed a "Motion Explaining to the Court Why Appellant has Failed to File His

Brief." In the motion, appellant asserted that he had been denied materials to help him submit the brief. On August 12, 2010, this Court abated and remanded the case to the trial court to conduct a hearing.

On October 19, 2010, the trial court held a hearing. The record reflects that appellant was released from prison prior to the hearing, appellant was notified of the hearing, appellant did not contact the trial court judge, and appellant did not appear at the hearing. The trial court found that appellant has abandoned his appeal; that appellant was not denied adequate, effective, and meaningful access to the law library; and that appellant should not be granted an extension of time to file his brief.

Texas Rule of Appellate Procedure 9.1(b) requires unrepresented parties to sign any document filed and "give the party's mailing address, telephone number, and fax number, if any." *See* TEX. R. APP. P. 9.1(b). Appellant has neither provided this court with a forwarding address nor taken any other action to prosecute this appeal.

Rule 42.3 permits an appellate court, on its own initiative after giving ten days' notice to all parties, to dismiss the appeal for want of prosecution or for failure to comply with a requirement of the appellate rules. *See id.* 42.3(b), (c). Rule 2 authorizes an appellate court to suspend a rule's operation in a particular case to expedite a decision. *See id.* 2. Given the length of inactivity in this appeal and this court's inability to give effective notice to appellant, we suspend Rule 42.3's requirement of ten days' notice to all parties, and dismiss the appeal on our own motion. *See id.* 42.3(b),(c).

Accordingly, we REINSTATE and dismiss the appeal for WANT OF PROSECUTION. *See* Tex. R. App. P. 38.8(a)(1); 42.3(b),(c). Any pending motions are dismissed as moot.

PER CURIAM

Delivered and filed the
17th day of February, 2011.